IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LENNY WADE ALLEN                                                                    PLAINTIFF

v.                              Civil No. 10-2148

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Lenny Allen, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

I.   **Procedural Background:**

The plaintiff filed his applications for DIB and SSI on September 28, 2007, alleging an onset date of May 25, 2007, due to degenerative disk disease ("DDD"), multiple herniated disks, and polyneuropathy. Tr. 46, 51, 167, 178-179, 213, 220. His applications were denied initially and on reconsideration. Tr. 69-70.

An administrative hearing was held on May 29, 2009. Tr. 21-69. Plaintiff was present and represented by counsel. At this time, plaintiff was 44 years of age and possessed a high school education. Tr. 27, 47. He had past relevant work ("PRW") experience as an assistant production manager, millwright, welder, estimator, and drafter. Tr. 28-44.

On December 14, 2009, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's chronic pain, DDD, and polyneuropathy did not meet or equal any Appendix 1 listing. Tr. 79-80. He found that plaintiff maintained the residual functional capacity ("RFC") to perform less than sedentary work with the following limitations:

> [Plaintiff] should continuously alternate sitting every 30 minutes and can only stand continuously for five minutes. The [Plaintiff] should have no overhead work and no sustained driving. The undersigned finds that secondary to pain, the [Plaintiff] should not climb scaffolds, ladders and ropes and only occasionally climb ramps and stairs, stoop, bend, crouch, crawl, kneel, and balance. The [Plaintiff] should not work in unprotected heights or around dangerous equipment or machines, or work around extreme vibrations. In addition the [Plaintiff] is able to engage in work that involves only non-complex simple instructions with little judgment and work that is routine, repetitive and learned by rote with few variables. Further, the [Plaintiff's] contact with others should be no more than superficial and incidental to his work, and his supervision should be concrete, direct and specific.

Tr. 80. With the assistance of a vocational expert, the ALJ then found that plaintiff could perform work as an inspector, assembler, sorter, and trimmer. Tr. 83-84.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on October 8, 2010. Tr. 1-5. Subsequently, plaintiff filed this action. ECF No. 1. This case is before the undersigned pursuant to the consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 12, 13.

**II.     Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining

the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

### A.     The Evaluation Process:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003). Only if the final stage is reached does the fact finder consider Plaintiff's age, education, and work experience in light of his RFC. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**III.   Discussion:**

Of particular concern to the undersigned in the ALJ's credibility determination. When evaluating the credibility of plaintiff's subjective complaints the ALJ is required to make an express credibility determination detailing his reasons for discrediting the testimony. *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001).

The standard of evaluation is not whether plaintiff experiences pain, but if the pain alleged is intense enough to cause functional limitations. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001) (holding that the real issue is not whether the plaintiff is experiencing pain, but how severe and whether it prevents him from performing any kind of work). An ALJ may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ is required to take into account the following factors in evaluating the credibility of a claimant's subjective complaints: (1) the claimant's daily activities; (2) the duration, frequency, and

4

intensity of the pain; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions. *See id.* The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the plaintiff's complaints. *Masterson v. Barnhart,* 363 F.3d 731, 738 (8th Cir.2004). However, the ALJ need not explicitly discuss each *Polaski* factor. *Strongson v. Barnhart,* 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ only need acknowledge and consider those factors before discounting a claimant's subjective complaints. *Id.* Even so, the ALJ may discount a claimant's subjective complaints if there are inconsistencies between the alleged impairments and the evidence as a whole. *Dunahoo v. Apfel*, 241 F.3d 1033, 1037 (8th Cir. 2001); *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001).

In the present case, Plaintiff had been diagnosed with multi-level DDD and polyneuropathy. Prior to the relevant time period, an MRI of his lumbar spine showed L5-S1 disk narrowing with mild circumferential annular bulging at the L3-4 and L4-5 levels. Tr. 271. Records also document problems with lumbar pain and tenderness. Tr. 229-231, 260-280, 323-341, 371-385.

An MRI of his cervical spine conducted in September 2007 revealed a right paracentral disk protrusion at the C5-6 level with some compression on the right ventral aspect of the cord and posterior element hypertrophy; moderate canal stenosis; spondylitic spurring and left paracentral disk protrusion at the C4-5 level with borderline canal stenosis; and, spurring and left paracentral disk protrusion at the C6-7 level with borderline to mild canal stenosis. Tr. 238-239, 296-297, 357-359. An MRI of his thoracic spine also revealed a mild midline disk bulge at the T1-2 level. Tr. 240-241, 249-250, 298, 360.

5

Dr. Jeffrey Jones, Plaintiff's treating physician, completed a treating physician's statement in September 2009. Tr. 367-368. He concluded that Plaintiff could occasionally and frequently lift up to ten pounds, stand and walk for a total of three hours during an eight hour day, and sit for four hours during an eight hour day. Dr. Jones was also of the opinion that Plaintiff would need to change positions frequently, have frequent rest periods, have longer than normal breaks, and be allowed to shift at will from sitting to standing/walking. Further, he indicated that Plaintiff would be unable to perform tasks requiring reaching, fingering for more than 1/3 of the day, and handling for more than 2/3 of the day. With regard to environmental restrictions, Dr. Jones found Plaintiff would need to avoid concentrated exposure to high humidity and solvent/cleaners/chemicals and avoid moderate exposure to temperature extremes, fumes, gases, odors, and soldering fluxes. It was his opinion that Plaintiff's impairments would cause him to miss more than four days of work per month. Tr. 367-368.

Throughout the relevant time period, Plaintiff was repeatedly diagnosed with chronic lower back pain and chronic cervical pain. Tr. 243-246, 257-294, 342-349, 353-356. Dr. Jones also examined him in May 2009 and noted tenderness to palpation in the acromioclavicular joint; shoulder pain throughout range of motion; decreased lordosis of the cervical spine; tenderness to palpation of the spinous process of the scalene muscles; paracervical muscle spasms; bilateral cervical pain with rotation, extension, and flexion; lumbar tenderness; paraspinal muscle spasms; decreased active range of motion in the lumbar spine; a tender right knee, medial patellar facet tenderness on palpation; lateral patellar facet tenderness; medial tibial plateau tenderness; medial joint tenderness; painful flexion and extension; and, pain on range of motion in the knee.

AO72A
(Rev. 8/82)

Tr. 388-393. He diagnosed Plaintiff with cervical disk degeneration, arthritis, and lumbar disk disorder with myelopathy.[1] Tr. 388-393.

Ignoring the results of the thoracic spine MRI and Dr. Jones' September 2009 examination, the ALJ concluded that the evidence was not consistent with Plaintiff's reports of pain in the lower extremities and lower back such that he could not sit or walk. *Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000) (holding that the ALJ is not free to ignore medical evidence, rather must consider the whole record). We note, however, that a bulging thoracic disk can cause pain in the upper back, lower back, abdomen, or legs, as well as weakness or numbness in one or both legs. It also stands to reason that sitting and walking would be painful, as it puts pressure on the affected disks. Dr. Jones was of the opinion that Plaintiff's condition would limit him to sitting for a total of four hours per day and standing/walking for a total of three hours per day. As this does not establish Plaintiff's ability to work a full eight hour workday, we believe remand is necessary to allow the ALJ to properly consider the medical evidence documenting Plaintiff's complaints of both thoracic and lumbar pain and any resulting limitations. On remand, should the ALJ determine that Plaintiff's subjective complaints remain unreliable, she will need to provide an express credibility determination detailing her reasons for discrediting Plaintiff's complaints. *See Caviness*, 250 F.3d at 605.

The ALJ also erred in discounting plaintiff's allegations of disabling pain because he had been treated medically, not surgically, for his impairments. No medical report suggests that

---

[1] Lumbar disc disorder with myelopathy refers to a disorder of the lumbar spine that results in compression of the lowest portion of the spinal cord (conus medullaris). *See* Medical Disability Guidelines, *Lumbar Disk Disorder with Myelopathy*, *at*
http://www.mdguidelines.com/lumbar-disc-disorder-with-myelopathy (October 19, 2011).

Plaintiff was not pursuing a valid course of treatment. *Tate v. Apfel*, 167 F.3d 1191, 1197 (8th Cir. 1999). Dr. Anthony Capocelli, a neurosurgeon, indicated that he did not think surgery was appropriate in this case. And, while he recommended against the extended use of narcotic pain medications, we note that Plaintiff's treating doctors actually prescribed these medications to treat his pain. Contrary to the ALJ's assertion, we can not fault Plaintiff for following the directives of the physicians in charge of his pain management program. Accordingly, remand is necessary to allow the ALJ to reconsider the evidence documenting Plaintiff's treatment for chronic pain. Special attention should be paid to the medications prescribed to treat Plaintiff's condition and the side effects of those medications both individually and in combination.[2] *See Polaski*, 739 F.2d at 1322.

V.      **Conclusion**:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 18th day of October 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

---

[2] It should be noted that in May 2009, Plaintiff was taking Methadone, Diazepam, and Oxycodone. Tr. 388-393. At the hearing, Plaintiff also testified to taking Meloxicam. Tr. 51.